Paula M. GARCIA, Appellant,

v.

ARBOR GREEN OWNERS ASSOCIATION, INC. and Norman E. Rosenberg, Trustee, Appellees.

No. 01–91–00075–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1992.

Rehearing Denied Oct. 29, 1992.

Robert T. Wallace, Houston, for appellant.

William G. Gammon, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and MIRABAL and PRICE,* JJ.

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

MIRABAL, Justice.

This is an appeal by petition for writ of error from a post-answer default judgment. We affirm.

Appellant, Paula M. Garcia, filed suit on May 1, 1989, to enjoin foreclosure on her condominium unit. Appellant requested injunctive relief, declaratory judgment, and damages against appellees, Arbor Green Owners Association, Inc. and Norman E. Rosenberg, Trustee. Appellant alleged that appellees had not properly repaired the damage to her condominium caused by Hurricane Alicia, and therefore she did not owe maintenance fees.

After appellant failed to appear at trial on May 23, 1990, the trial court signed a judgment in favor of appellees, dissolving the temporary injunction that had prevented appellees from foreclosing on appellant's condominium, and awarding appellees judgment in the amount of $2,199.25, plus attorney's fees of $8,500, plus interest and costs.

The judgment was signed on May 24, 1990. On June 22, 1990, appellant filed a sworn motion for new trial, and on August 3, 1990, appellees filed a sworn response in opposition to the motion for new trial. Neither pleading set the matter for hearing or submission.

Seventy-five days after the judgment was signed, on August 8, 1990, the motion for new trial was overruled by operation of law pursuant to Tex.R.Civ.P. 329b(c). The trial court retained plenary power to grant a new trial for 30 days thereafter, until September 7, 1990. Tex.R.Civ.P. 329b(e).

On September 5, 1990, appellant filed a sworn motion to vacate the default judgment. Appellees filed a response on October 4, 1990, pointing out that the trial court's plenary jurisdiction had expired. Neither pleading set the motion for hearing or submission.

On October 8, 1990, the trial court signed two orders, one denying appellant's motion

to vacate default judgment, and the other denying appellant's motion for new trial. On November 26, 1990, six months after the judgment was signed, appellant filed her petition for writ of error.

■ The four elements necessary for a direct attack on a judgment by writ of error are: (1) the petition must be brought within six months after the judgment was signed; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be "apparent from the face of the record." *General Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 943 (Tex.1991); *see also* TEX. CIV.PRAC. & REM.CODE ANN. § 51.013 (Vernon 1986); TEX.R.APP.P. 45. In the present case, only the last element is at issue, since the record shows the first three elements have been met. To determine whether error is apparent from the face of the record, appeal by writ of error affords a review of the same scope as a direct appeal. *Collins v. Collins*, 464 S.W.2d 910, 912 (Tex.Civ. App.—San Antonio 1971, writ ref'd n.r.e.); *Wright v. Wentzel*, 749 S.W.2d 228, 230 (Tex.App.—Houston [1st Dist.] 1988, no writ).

In her first point of error, appellant asserts that the trial court erred in holding that notice of trial given to a third party constituted notice to appellant's attorney. In her second point of error, appellant asserts the trial court erred in entering a default judgment against her without giving her notice to appear for trial, denying appellant her right to due process.

■ An appellant who alleges error apparent on the face of the record due to the absence of notice carries a heavy burden, because the record will usually be barren of affirmative proof of the error claimed. *See Falcon Ridge Apts.*, 811 S.W.2d at 943–44. Appellant relies on the allegations in her motion for new trial, and supporting affidavits, to supply the necessary proof on appeal.

■ Although appellant filed a motion for new trial in the present case, and appellees filed a detailed sworn response, appellant failed to call the motion to the judge's attention by requesting a hearing before the motion was overruled by operation of

law. A motion to set aside a judgment by default is a matter on which evidence must be heard. TEX.R.CIV.P. 324(b)(1). Therefore, a trial court must have an opportunity to exercise its discretion in considering and ruling on such a motion, before an appellate court can say the trial court abused its discretion when the motion was overruled. Accordingly, since in the present case the motion for new trial was not brought to the trial court's attention while it still had jurisdiction, no error has been shown in connection with the trial court's overruling of appellant's motion for new trial. *Shamrock Roofing v. Mercantile Nat'l Bank*, 703 S.W.2d 356, 358 (Tex.App.—Dallas 1985, no writ).

The issue before us is whether the trial court erred at the time it granted default judgment, based on what was a matter of record at that time. The error must appear on the face of the record properly before us.

Appellant admits that before docket call on May 18, 1990, she had notice that her case was number two or three on the court's trial docket. Appellant's counsel told the trial coordinator he was ready for trial, and the coordinator told him he would be placed "on call" and would be notified when appellant's case was reached.

When appellant and her counsel did not appear at trial, the following transpired:

THE COURT: Sir, your case has been called. The Bailiff is presently calling it outside the presence of the Court.

THE BAILIFF: No answer, Your Honor.

THE COURT: There has been a nonappearance in both matters we called outside and we called inside.

Dollie, may I swear you in.

(Dollie Williams was called as a witness and testified as follows):

BY THE COURT:

Q: Will you state to the Court what you just stated to the Court off the record regarding your attempts to locate the representative or the counsel of Plaintiff in this case.

A: My name is Dollie Williams. I am Trial Coordinator for the 152nd District Court.

I attempted to contact Plaintiff's counsel, Mr. Robert Wallace, at least three times this day. I called him this morning at approximately 10:00 or 10:20 and got no answer at his home or at his office. I called again and spoke with a Daniel Jack at 11:45 and let him know that—

I beg your pardon. when I called his office at 10:20 I got Mr. Jack and told him that the case was on standby. At 11:45 I assigned the case through Mr. Jack and emphasized the fact that Mr. Wallace needed to be here or the case would very probably be dismissed.

At 1:40 I just spoke with Patty in Mr. Wallace's office and she informed me that Mr. Wallace had picked up his messages, and I asked her if he had indicated if he intended to come to court or to contact the Court and she said she did not know, she just gave him the messages.

THE COURT: Thank you, ma'am.

The judge then proceeded with the trial. The May 24, 1990, judgment recites, in part:

On the 23rd day of May, 1990, came on to be heard the above reference cause....

Defendants appeared herein, by and through their attorney of record, and announced ready for trial. Plaintiff, although having been duly notified, failed to appear for trial....

■ Appellant argues that, since the record does not reflect what the relationship was between her counsel and Mr. Daniel Jack, the face of the record does not show that appellant received the notice of trial assignment provided for in TEX.R.CIV.P. 21a.[1] Rule 21a requires notices to be served on a party, the party's agent, or the party's attorney of record. Appellant argues the record must affirmatively show Mr. Jack was her agent, or the agent of her attorney of record, and without such a showing, error appears on the face of the record. We disagree.

■ If the record was completely silent on whether notice of the trial assignment was given, we would hold no error is shown on the face of the record. This is so because the rules do not impose a duty on the trial court, or its personnel, to place in the case file evidence that notice of the trial setting was given. *Butler v. Butler*, 808 S.W.2d 128, 129 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Ordinarily, proof of notice of the trial assignment does not appear in the transcript. *See Prihoda v. Marek*, 797 S.W.2d 170, 171 (Tex.App.—Corpus Christi 1990, writ denied); TEX. R.CIV.P. 245. When the rules do not impose a duty either on the parties or the court clerk to ensure that notice is affirmatively shown in the record, absence from the record of affirmative proof of notice does not establish error. *Falcon Ridge Apts.*, 811 S.W.2d at 943–44; *Butler*, 808 S.W.2d at 129.[2]

■ In the present case, it is uncontested that appellant's counsel had actual notice of the trial setting for the week of May 21, 1990. Appellant's trial counsel was "on call," and had a duty to either keep the trial coordinator advised of his whereabouts, or to keep in frequent communication with his office so that he would know when the trial coordinator called. It is uncontested that appellant's counsel provided the trial coordinator with his home and office telephone numbers, and that she

1. In her brief, appellant states Mr. Daniel Jack was not her attorney, nor was he an employee or law firm associate of appellant's counsel; rather, appellant states, Mr. Jack was an independent attorney who officed where appellant's counsel officed. However, these assertions in appellant's brief were not made in the motion for new trial or the motion to set aside default judgment, nor in supporting affidavits, nor in any other pleadings filed in the trial court. Even if we could consider the post judgment pleadings, these assertions about Mr. Jack were never part of the record before the trial court, and therefore cannot be considered by us on appeal. *Falcon Ridge Apts.*, 811 S.W.2d at 944.

2. Of course, appeal by writ of error is not the exclusive method available to an appellant for attacking a default judgment. The appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial, TEX.R.CIV.P. 320, 324(b)(1), or by bill of review filed in the trial court, *Grayson Fire Extinguisher Co. v. Jackson*, 566 S.W.2d 321, 322 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.); TEX.R.CIV.P. 329b(f). *Falcon Ridge Apts.*, 811 S.W.2d at 944.

spoke with people who answered his office telephone three different times on the day the case was called for trial, advising them that the case would go to trial that afternoon.

We hold that the face of the record does not show the trial court erred when it granted default judgment upon appellant's failure to appear for trial. We overrule appellant's points of error one and two.

In her third point of error, appellant asserts the trial court erred in awarding damages and attorneys' fees to appellees after granting them a default judgment. Appellant argues that appellees' "pleadings were insufficient to state a proper cause of action," and that "there is no evidence to support the damages and attorneys' fees."

The appellate record does not contain a copy of appellees' answer or counterclaim. Further, even though a court reporter was present and transcribed the trial proceedings, appellant has not filed a statement of facts from the May 23, 1990, trial. In the absence of a complete record, we must presume the pleadings and the evidence supported the trial court's judgment. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987); TEX.R.APP.P. 50(d).

We overrule appellant's point of error three.

We affirm the judgment.