TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00259-CV







Phil Stovall, Appellant



v.



Avalon Hair, Inc., Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 221,280, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING







 Phil Stovall filed a petition for writ of error challenging the trial court's grant of
and refusal to set aside a default judgment. Stovall complains the record lacks proof that he was
served notice of a trial setting, and instead contains evidence that he was not served with notice
of the trial setting. We will affirm the judgment.

 Avalon Hair, Inc. recovered a judgment against Stovall in Travis County Justice
Court, Precinct 5. The court awarded Avalon compensatory damages based upon Stovall's attempt
to repair Avalon's air conditioner. Stovall appealed to the Travis County Court at Law No. 2.

 The court set the case for a trial de novo on October 30, 1996. Stovall did not
appear personally or by attorney. Avalon's attorney admitted at trial that he had not received a
signed return-receipt postcard proving that Stovall or his attorney had received the mailed notice
of the trial. Avalon presented evidence as to liability and damages. The court rendered judgment
and the clerk sent Stovall notice of the judgment. (1)

 On November 27, 1996, Stovall filed a motion for new trial. Attached was an
affidavit from Stovall's attorney stating that she had not received notice of the trial setting. Stovall
did not request a hearing. Avalon did not respond. The motion was overruled by operation of
law without a hearing.

 Stovall appeals by petition for writ of error. A direct attack on a judgment brought
by writ of error must 


(1) be brought within six months after the judgment was signed, Tex. Civ. Prac.
& Rem. Code Ann. § 51.013 (Vernon 1986); former Tex. R. App. P. 45; (2) by
a party to the suit, former Tex. R. App. P. 45; (3) who did not participate in the
actual trial, id.; (4) and the error complained of must be "apparent from the face
of the record." Brown v. McLennan County Children's Protective Servs., 627
S.W.2d 390, 392 (Tex.1982).



General Elec. Co. v. Falcon Ridge Apartments, Joint Venture, 811 S.W.2d 942, 943 (Tex. 1991). 
Avalon concedes that only the last of these requirements is at issue here.

 By point of error one, Stovall complains the trial court erred by granting default
judgment absent proof of delivery of notice of the trial setting. Though Rule of Civil Procedure
107 requires that no default judgment shall be granted in any cause until the citation or process
with proof of service shall have been on file with the court clerk for ten days, there is no similar
provision applicable to notices of trial setting. The First Court of Appeals has concluded that the
absence from the record of proof of notice of a trial setting does not establish error in granting a
default judgment because the rules do not require either the parties or the clerk to ensure that
notice is shown affirmatively in the record. See Garcia v. Arbor Green Owners Ass'n, 838
S.W.2d 800, 802 (Tex. App.--Houston [1st Dist.] 1992, writ denied); Robert S. Wilson
Investments No. 16, Ltd. v. Blumer, 837 S.W.2d 860, 861 (Tex. App.--Houston [1st Dist.] 1992,
no writ). Avalon provided evidence that notice had been sent to Stovall, but Avalon admitted at
trial that it had no proof Stovall had received notice of the trial setting. That is not the same as
evidence showing Stovall had not received notice. The affidavit attached to Stovall's motion for
new trial does not bear on our review of whether the trial court erred by granting the default
judgment because the affidavit was not before the trial court when it granted the default judgment. 
See Palkovic v. Cox, 792 S.W.2d 743, 745 (Tex. App.--Houston [14th Dist.] 1990, writ denied). 
Because the absence of proof of notice of the trial setting did not make the granting of default
judgment erroneous, we overrule point of error one.

 By point of error two, Stovall complains the court erred by failing to grant his
motion for new trial when no evidence was adduced to contradict his attorney's sworn statement
that she had not received notice of the trial setting. Two courts of appeals have disagreed with
similar arguments, and the supreme court essentially incorporated their holdings into the new rules
of appellate procedure.


 Courts of appeals have affirmed default judgments based on very similar procedural
facts. To attack a trial court's failure to set aside a default judgment, a defaulting defendant must
file a motion for new trial; the court must hear evidence on the motion. Tex. R. Civ. P.
324(b)(1). Courts of appeals in Houston and Dallas have interpreted this rule to mean that the
mere filing of affidavits attached to motions for new trial is not enough to show error on the face
of the record. See Garcia, 838 S.W.2d at 802-04; Fluty v. Simmons Co.,835 S.W.2d 664, 667-68
(Tex. App.--Dallas 1992, no writ). In the Houston case, Garcia had actual notice of the trial
setting and knew she was on the waiting list for that week. The court rendered default judgment
after its attempts to contact her attorney failed to cause an appearance. The record was silent as
to whether Garcia or her attorney received actual notice of the trial assignment, though there was
evidence that the attorney's secretary had taken telephone messages about the assignment. Garcia,
838 S.W.2d at 803. Garcia's motion for new trial was overruled by operation of law. The
appellate court wrote:


Although appellant filed a motion for new trial in the present case, and appellees
filed a detailed sworn response, appellant failed to call the motion to the judge's
attention by requesting a hearing before the motion was overruled by operation of
law. A motion to set aside a judgment by default is a matter on which evidence
must be heard. Tex. R. Civ. P. 324(b)(1). Therefore, a trial court must have an
opportunity to exercise its discretion in considering and ruling on such a motion,
before an appellate court can say the trial court abused its discretion when the
motion was overruled. Accordingly, since in the present case the motion for new
trial was not brought to the trial court's attention while it still had jurisdiction, no
error has been shown in connection with the trial court's overruling of appellant's
motion for new trial.


Id. at 802. The Dallas court similarly held the trial court did not abuse its discretion by allowing
a motion for new trial to be overruled by operation of law even when affidavits on file showed the
defaulting defendant failed to file an answer because the attorney was hospitalized. Fluty, 835
S.W.2d at 668. Because the nature of the motion for new trial required the trial court to hear
evidence, the appellate court held the failure to request a hearing precluded the trial court from
exercising any discretion, much less abusing it. Id.

 The virtual codification of these holdings into the new rules of appellate procedure
emphasizes that we should follow the holdings. Rule of Appellate Procedure 33.1(b) now
provides, "In a civil case, the overruling by operation of law of a motion for new trial or a motion
to modify the judgment preserves for appellate review a complaint properly made in the motion,
unless taking evidence was necessary to properly present the complaint in the trial court." Tex.
R. App. P. 33.1(b) (emphasis supplied). Rule of Civil Procedure 324(b) expressly lists failure to
set aside a judgment by default as an appellate complaint on which evidence must be heard, not
just filed.

 The facts before us fall within the principles underlying new appellate rule 33.1(b). 
Stovall complains of the trial court's failure to set aside the default judgment. Under Rule 324(b),
that is a complaint on which evidence must be heard. Stovall did not request an evidentiary 
hearing, and the trial court overruled his motion by operation of law without holding a hearing. 
Stovall thereby failed to preserve his complaint for appeal. We overrule point two.


 We affirm the judgment.



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: December 10, 1998

Do Not Publish
1. Though Stovall initiated the trial de novo by appealing the justice court's decision, Avalon
was the plaintiff in the justice court. Stovall was the defendant on the claims on which judgment
was awarded. The county-court judgment essentially was a post-answer default judgment




324(b)(1). Courts of appeals in Houston and Dallas have interpreted this rule to mean that the
mere filing of affidavits attached to motions for new trial is not enough to show error on the face
of the record. See Garcia, 838 S.W.2d at 802-04; Fluty v. Simmons Co.,835 S.W.2d 664, 667-68
(Tex. App.--Dallas 1992, no writ). In the Houston case, Garcia had actual notice of the trial
setting and knew she was on the waiting list for that week. The court rendered default judgment
after its attempts to contact her attorney failed to cause an appearance. The record was silent as
to whether Garcia or her attorney received actual notice of the trial assignment, though there was
evidence that the attorney's secretary had taken telephone messages about the assignment. Garcia,
838 S.W.2d at 803. Garcia's motion for new trial was overruled by operation of law. The
appellate court wrote:


Although appellant filed a motion for new trial in the present case, and appellees
filed a detailed sworn response, appellant failed to call the motion to the judge's
attention by requesting a hearing before the motion was overruled by operation of
law. A motion to set aside a judgment by default is a matter on which evidence
must be heard. Tex. R. Civ. P. 324(b)(1). Therefore, a trial court must have an
opportunity to exercise its discretion in considering and ruling on such a motion,
before an appellate court can say the trial court abused its discretion when the
motion was overruled. Accordingly, since in the present case the motion for new
trial was not brought to the trial court's attention while it still had jurisdiction, no
error has been shown in connection with the trial court's overruling of appellant's
motion for new trial.


Id. at 802. The Dallas court similarly held the trial court did not abuse its discretion by allowing
a motion for new trial to be overruled by operation of law even when affidavits on file showed the
defaulting defendant failed to file an answer because the attorney was hospitalized. Fluty, 835
S.W.2d at 668. Because the nature of the motion for new trial required the trial court to hear
evidence, the appellate court held the failure to request a hearing precluded the trial court from
exercising any discretion, much less abusing it. Id.

 The virtual codification of these holdings into the new rules of appellate procedure
emphasizes that we should follow the holdings. Rule of Appellate Procedure 33.1(b) no