In the Matter of the MARRIAGE OF Brenda May PARKER and Mark Patrick Parker, Sr.

No. 06–99–00111–CV.

Court of Appeals of Texas, Texarkana.

Submitted May 30, 2000.

Decided May 31, 2000.

Mark P. Parker, Sr., Rosharon, pro se.

Charles G. Hall, Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

# OPINION

Opinion by Justice ROSS.

Mark Patrick Parker, Sr. appeals from the trial court's judgment granting Brenda May Parker's petition for divorce. Mark files his appeal *pro se* and *in forma pauperis.*

Mark filed an answer to his wife's petition and requested a jury trial. The trial court held a bench trial at which Mark did not appear, but at which Brenda put on evidence supporting her case. The trial court granted the divorce and awarded each party the personal property in that party's possession or under that party's sole control, with the exception of the motor vehicle in Brenda's possession which the court awarded to both Brenda and Mark.

Mark filed a request for findings of fact and conclusions of law, and a motion for new trial. The trial court filed its findings of fact and conclusions of law. One "finding of fact" made by the court was that:

> [A] fair division of the property [the parties] possessed would be to award to each the property which they had in their possession or under their control as of the date of the divorce, the only exception being the motor vehicle in the possession of the Petition [sic], BRENDA MAY PARKER, which was awarded to the Respondent, MARK PATRICK PARKER, SR.

Mark filed a request for additional or amended findings in which he challenged the court's findings. The trial court did not respond, and Mark filed his notice of appeal.

The disparity between the award of property in the court's decree and the

"finding" made in the court's findings of fact is not an issue in this appeal.[1] Mark's complaint is that he was not given proper notice of the trial setting in accordance with Tex.R. Civ. P. 245. That rule states, in part:

> The court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; . . . .

Mark admits that he received notice from Brenda's attorney fourteen days before trial, but contends that he sent a letter to the court administrator requesting clarification of the actual trial setting. He contends that the court administrator did not respond to his letter. Brenda did not file a brief in this Court.

■ The trial court entered a post-answer default judgment. A post-answer default judgment occurs when the defendant files an answer but fails to appear for trial. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979). It is not an abandonment of the defendant's answer nor an implied confession of any issues joined by the defendant's answer. *Id.* A court cannot enter judgment on the pleadings; rather, the plaintiff must offer evidence and prove his or her case. *Id.*

Mark contends that the trial court erred in entering judgment when he was not afforded proper notice of the trial setting. Initially, we must determine whether his complaint has been properly preserved for our review.

In order to preserve error on a complaint on which evidence must be heard, such as the failure to set aside a default

judgment, a party must file a motion for new trial. Tex.R. Civ. P. 324(b)(1).

> In a civil case, the overruling by operation of law of a motion for new trial . . . preserves for appellate review a complaint properly made in the motion, unless taking evidence was necessary to properly present the complaint in the trial court.

Tex.R.App. P. 33.1(b).

■ If taking evidence was necessary, the motion must have been presented to the trial court for a ruling. *Cecil v. Smith*, 804 S.W.2d 509, 511 n. 5 (Tex.1991); *see also Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex.App.-Houston [14th Dist.] 1998, no pet.); *Garcia v. Arbor Green Owners Ass'n*, 838 S.W.2d 800, 802 (Tex.App.-Houston [1st Dist.] 1992, writ denied); *Fluty v. Simmons Co.*, 835 S.W.2d 664, 666–67 (Tex.App.-Dallas 1992, no writ); *Cocke v. Saks*, 776 S.W.2d 788, 789–90 (Tex.App.Corpus Christi 1989, writ denied); *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank at Dallas*, 703 S.W.2d 356, 357–58 (Tex.App.-Dallas 1985, no writ). The rationale for this approach is to give the trial court an opportunity to review the evidence and make a ruling.

■ Arguably, however, this is not a typical default judgment case. In most default judgment cases, the issue is whether the defendant failed to answer or appear intentionally or as the result of conscious indifference, or whether the defendant has set up a meritorious defense. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). These are questions on which evidence must generally be heard.[2] *Estate of*

---

1. Tex.R. Civ. P. 299a provides in part:
   If there is a conflict between findings of fact recited in a judgment . . . and findings of fact made pursuant to Rules 297 and 298, the latter findings will control for appellate purposes.

2. This does not mean that the trial court must hold a hearing. Rather, it is sufficient that the movant's motion and affidavits set forth

facts which, if true, would negate intentional or consciously indifferent conduct. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984). On a motion for new trial, the trial court is bound to accept as true the movant's affidavits, unless the opponent requests an evidentiary hearing. *Averitt v. Bruton Paint & Floor Co.*, 773 S.W.2d 574, 576 (Tex.App.Dallas 1989, no writ). The trial court must only

*Pollack v. McMurrey*, 858 S.W.2d 388, 391–92 (Tex.1993); *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex.1984).

In this case, Mark filed a motion for new trial in which he complained about the lack of proper notice. The question is whether addressing this complaint would require the trial court to hear evidence. If so, then we must determine whether Mark preserved error by presenting his motion for new trial to the trial court for a ruling.

■■ Notice of a trial setting does not always appear in the clerk's record and need not affirmatively appear in the record as a whole. *Garcia*, 838 S.W.2d at 803; *Prihoda v. Marek*, 797 S.W.2d 170, 171 (Tex.App.Corpus Christi 1990, writ denied). The law presumes a trial court hears a case only after proper notice to the parties. *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex.App.-Houston [1st Dist.] 1997, writ denied); *Alexander v. Russell*, 682 S.W.2d 370, 375 (Tex.App.El Paso 1984), *rev'd on other grounds*, 699 S.W.2d 209 (Tex.1985); *Williams v. Holley*, 653 S.W.2d 639, 641 (Tex.App.Waco 1983, writ ref'd n.r.e.). A recitation of due notice of the trial setting in the judgment constitutes some, but not conclusive, evidence that proper notice was given. *Osborn*, 961 S.W.2d at 411. If a judgment recitation is effectively rebutted by other evidence in the record, this presumption of proper notice is no longer taken to be true. *Id.*

■ In this case, there was some evidence on the face of the record that Mark did not receive proper notice of trial. Brenda's attorney stated on the record that he had mailed notice to Mark nineteen days before trial. In a letter to the court administrator dated fourteen days before trial, Mark requested clarification of the actual trial setting, if any, and complained about not having received proper notice. Therefore, because taking evidence was not necessary, Mark need not have presented any other evidence to support the contention of insufficient notice in his motion for new trial.

■ Mark's appeal can also be regarded as a challenge to the factual sufficiency of the evidence supporting the trial court's judgment. In his motion for new trial, which he filed concurrently with a notice of past due findings of fact, Mark complained that the trial court proceeded to judgment without ensuring that he had proper notice of the trial setting. When the trial court filed its findings of fact, it specifically found that Mark was "duly notified of the trial setting." Mark then filed a request for amended findings of fact in which he specifically challenged the court's finding. A challenge to the factual sufficiency of the evidence in a bench trial need not be preserved by a motion for new trial. Tex.R. Civ. P. 324(a),(b); *see also Vannerson v. Vannerson*, 857 S.W.2d 659, 677 n. 8 (Tex.App.Houston [1st Dist.] 1993, writ denied).

Whether it be because there was evidence on the face of the record to rebut the presumption of sufficient notice, or because Mark's contention presents a challenge to the factual sufficiency of the trial court's finding, we find that Mark's complaint is properly preserved for our review.

■ We now turn to the merits of Mark's appeal. In *Craddock*, 133 S.W.2d at 124, the Texas Supreme Court outlined a three-part test for determining whether a default judgment should be set aside and a new trial ordered. Under *Craddock*, a default judgment should be set aside and a new trial ordered where (1) the failure leading to default was not intentional or the result of conscious indifference, but was due to mistake or accident; (2) the defendant has set up a meritorious defense to the plaintiff's claim; and (3) granting a new trial will not cause delay or otherwise work injury to the plaintiff. *Id.* at 126. These requirements apply to a post-answer default judgment as well as to other

be given an opportunity to review the evi-     dence and make a ruling.

types of default judgments. *Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex.1966).

In *Lopez v. Lopez,* 757 S.W.2d 721, 722 (Tex.1988), the Texas Supreme Court held that when a defendant did not receive actual or constructive notice of trial, due process prevents application of the second prong of the *Craddock* test. The court in that case did not discuss the application of the third prong of the *Craddock* test.

Even after *Lopez,* reviewing courts have approached the application of the *Craddock* test differently when notice was the issue. Some courts have not applied the *Craddock* test at all. Instead, these courts simply analyzed whether the party received notice. *See Platt v. Platt,* 991 S.W.2d 481, 483–84 (Tex.App.-Tyler 1999, no pet.); *Bradford v. Bradford,* 971 S.W.2d 595, 597–98 (Tex.App.-Dallas 1998, no pet.); *Turner v. Ward,* 910 S.W.2d 500, 504–05 (Tex.App.-El Paso 1994, no writ); *Hanners v. State Bar of Texas,* 860 S.W.2d 903, 907–08 (Tex.App.-Dallas 1993, no writ).

Other courts have conducted a *Craddock* analysis, but also have separately determined whether the party received notice. *See Sharpe v. Kilcoyne,* 962 S.W.2d 697, 699–701 (Tex.App.-Fort Worth 1998, no pet.); *Green v. McAdams,* 857 S.W.2d 816, 818–19 (Tex.App.-Houston [1st Dist.] 1993, no writ); *O'Connell v. O'Connell,* 843 S.W.2d 212, 215–17 (Tex.App.-Texarkana 1992, no writ).

Other courts have addressed the issue of notice under the first prong of the *Craddock* test. *See Elite Towing, Inc. v. LSI Fin. Group,* 985 S.W.2d 635, 642–44 (Tex.App.-Austin 1999, no pet.); *Balogh v. Ramos,* 978 S.W.2d 696, 698–99 (Tex.App.-Corpus Christi 1998, pet. denied); *Osborn,* 961 S.W.2d at 410–11; *Stum v. Stum,* 845 S.W.2d 407, 411–13 (Tex.App.-Fort Worth 1992, no writ). Where courts have found that the defendant did not receive proper notice, one court proceeded to review the case under the other two *Craddock* factors, while two other courts did not apply the second *Craddock* factor, but did apply the third factor. *See Lowe v. Lowe,* 971 S.W.2d 720, 722–24 (Tex.App.-Houston [14th Dist.] 1998, pet. denied); *State and County Mut. Fire Ins. Co. v. Williams,* 924 S.W.2d 746, 748–50 (Tex.App.-Texarkana 1996, no writ); *J.H. Walker Trucking v. Allen Lund Co.,* 832 S.W.2d 454, 455–56 (Tex.App.-Houston [1st Dist.] 1992, no writ).

In view of these authorities, it appears to us that the correct approach, at least where the defendant alleges that he received less than constitutionally required notice, is to review the case under the first prong of the *Craddock* test without applying the other two prongs. Under the first prong of the *Craddock* test, if the defendant did not receive notice of trial, it cannot be said that he acted intentionally or out of conscious indifference.

Under the second prong, the Texas Supreme Court has held that when the defendant did not receive actual or constructive notice, due process prevents requiring the defendant to set up a meritorious defense. *Lopez,* 757 S.W.2d at 723. That holding was based on *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), in which the United States Supreme Court held that requiring a meritorious defense to set aside a default judgment by an equitable bill of review violated due process when the defendant did not receive notice of trial.

The same reasoning would apply to the third *Craddock* prong. The question of whether granting a new trial will cause delay or otherwise work injury to the plaintiff involves an equitable principle. *Director, State Employees Workers' Compensation Div. v. Evans,* 889 S.W.2d 266, 270 (Tex.1994). Courts approach the issue on a case-by-case basis with the goal of protecting the plaintiff against the sort of undue delay or injury that would disadvantage him in presenting the merits of his case at a new trial, such as a loss of witnesses or other valuable evidence. *Id.*

Because equitable principles and due process considerations are involved, it cannot be said that any injury the plaintiff suffers from a new trial is greater than the injury the defendant suffers from not having actual or constructive notice of the first trial. This is especially true in view of the fact that a conscientious plaintiff can undertake to notify the defendant of an initial trial setting.

Cases such as *Lowe, Williams,* and *J.H. Walker Trucking, supra,* which applied the third prong of the *Craddock* test when the defendant did not receive notice of trial, all found that the plaintiff would not be injured by a new trial. Each court would have been justified, however, in not applying the third prong at all.

This case is different in that Mark acknowledges having received some notice, but not forty-five days' notice as required by Rule 245. He contends that we should reverse the trial court on that basis alone.

■ It is true that courts view Rule 245 as a mandatory requirement. *Bell Helicopter Textron, Inc. v. Abbott,* 863 S.W.2d 139, 140 (Tex.App.-Texarkana 1993, writ denied); *see also Platt,* 991 S.W.2d at 484; *In re Estate of Crenshaw,* 982 S.W.2d 568, 570 (Tex.App.Amarillo 1998, no pet.); *Hardin v. Hardin,* 932 S.W.2d 566, 567 (Tex.App.-Tyler 1995, no writ). That a rule is mandatory, however, does not necessarily mean that a party cannot waive the rights granted under that rule. *See, e.g., Pena v. Pena,* 986 S.W.2d 696, 701 (Tex.App.Corpus Christi 1998), *pet. denied per curiam,* 8 S.W.3d 639 (Tex. 1999) (holding that a party who fails to comply with the mandatory requirements for requesting a judge's recusal waives his right to complain of the judge's failure to recuse himself). Error resulting from a trial court's failure to provide parties proper notice under Rule 245 is waived if a party proceeds to trial and fails to object to the lack of notice. *In re J.(B.B.)M.,* 955 S.W.2d 405, 408 (Tex.App.-San Antonio 1997, no pet.); *State Farm Fire and Cas. Co. v. Price,* 845 S.W.2d 427, 432–33 (Tex.

App.-Amarillo 1992, writ dism'd by agr.). A party could, in theory, waive a complaint by failing to take action when the party receives some, but less than forty-five days', notice. *See Balogh,* 978 S.W.2d at 699 ("We cannot countenance a party doing nothing to protect its rights and then complaining on appeal that its rights have been violated.").

■ It is also true that some courts have held that the failure to give forty-five days' notice constitutes a lack of due process. *Estrada v. Wausau Ins. Co.,* 985 S.W.2d 480, 482 (Tex.App.-San Antonio 1998, pet. denied); *see also Transoceanic Shipping Co. v. General Universal Sys., Inc.,* 961 S.W.2d 418, 420 n. 2 (Tex.App.-Houston [1st Dist.] 1997, no writ). However, due process is not always a consideration when a defendant receives less than forty-five days' notice of a first trial setting. Due process requires only actual or constructive notice reasonable under the circumstances. *Peralta,* 485 U.S. at 84, 108 S.Ct. 896; *LBL Oil Co. v. International Power Servs., Inc.,* 777 S.W.2d 390, 391 (Tex.1989); *Lopez,* 757 S.W.2d at 723.

■ Rule 245 provides a notice requirement that goes beyond the requirements of due process. Therefore, the same requirements for setting aside a default judgment for lack of actual or constructive notice would apply where the party is given reasonable notice that is less than forty-five days. We hold that when a defendant receives actual or constructive notice sufficient to comport with the requirements of due process, but less than that required by Rule 245, a reviewing court must apply the first prong of the *Craddock* test to determine whether the defendant is entitled to a new trial.

■ Reviewing the present case under the first prong of the *Craddock* test, we find that Mark is entitled to a new trial. It is undisputed that Mark received fourteen days' notice from Brenda's attorney. This notice was reasonable in that it gave

Mark adequate time to protect his rights. He had adequate time, for example, to write a letter to the court administrator requesting a clarification of the actual trial setting. It was also adequate for him to move to strike the trial setting and ask for a continuance. Under the circumstances, we hold that Mark received notice that comports with due process.

Arguably, Mark's failure to file a motion requesting a continuance or requesting that the trial court strike the setting constitutes conscious indifference. Under *Craddock*, however, Mark need not show a good excuse; a slight excuse will suffice. *Williams*, 924 S.W.2d at 748. A mistake of law is sufficient to negate intentional conduct or conscious indifference, thus meeting the requirements of *Craddock*. *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex.1992).

Mark contends that he was under the impression that he would receive the forty-five days' notice required by Rule 245 from the trial court. Under these circumstances, we find that Mark's letter to the court administrator requesting a clarification of the trial setting and his reasonable belief that he would receive the forty-five days' notice required by Rule 245 negates a finding of intentional conduct or conscious indifference. We reverse the trial court's judgment and remand to that court for a new trial.