

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00005-CV

IN THE MATTER OF THE MARRIAGE OF
WILLIAM SCOTT DORNER AND GLORIA MONIQUE DORNER

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV11-1854

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

William Scott Dorner and Gloria Monique Dorner were divorced on October 22, 2012. The property division included in the divorce decree required Gloria to sell a particular parcel of land and to list that parcel for sale with a licensed real estate broker on or before December 1, 2012. On June 7, 2013, William filed a petition seeking to (1) enforce the property division, (2) reduce the personal property award to Gloria by the amount of diminution in the property's value (allegedly caused by Gloria's refusal to allow William onto the property so that he could maintain it), and (3) appoint a receiver. The trial court granted William's requested relief following a hearing in which Gloria failed to appear. Gloria appeals the denial of her motion for new trial and claims that the trial court erred in proceeding to hear William's petition in her absence without providing her with forty-five days' notice of the trial setting as required by Rule 245 of the Texas Rules of Civil Procedure.[1] Because we find that Gloria failed to preserve her complaint, we affirm the trial court's judgment.

On July 19, 2013, Gloria, who was represented by counsel during the divorce proceedings, filed a pro se general denial to William's petition. On July 23, 2013, the trial court set the case for trial on August 19, 2013. Gloria received the notice and, on August 9, 2013, filed a motion to continue the hearing for "at least 3 months" to allow her to recuperate from "multiple Spinal Disk and Vertebra Replacements and Neurosurgery due to head injuries." Although the motion for continuance asked the trial court to refer to "attached additional pages by [Gloria's]

---

[1]Originally appealed to the Second Court of Appeals in Fort Worth, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Second Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

doctor," Gloria failed to attach any medical records or doctor's notes and also failed to secure a pretrial ruling on her motion for continuance.[2] The trial was held as scheduled on August 19, 2013.

The trial court granted William's requested relief after the August 19, 2013, hearing. In its "Order Granting Petition For Enforcement Of Property Division, Reduction Of Personal Property Award To Money Judgment and Appointment Of Receiver," signed on August 20, 2013, the trial court found that Gloria had been properly cited, but failed to appear. Among other things, the trial court's order awarded $21,100.00 in monetary damages to William, awarded $5,210.70 in attorney's fees to William, and appointed Jim Duncan as receiver with authority to (1) take charge and possession of the real property, (2) prepare it for sale, and (3) facilitate the sale. On September 19, 2013, Gloria filed a motion for new trial on the ground that the trial court erred in failing to provide her with forty-five days' notice of the trial setting.[3] The trial court denied Gloria's motion for new trial.

Under Rule 245 of the Texas Rules of Civil Procedure, a trial court "may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties." Tex. R. Civ. P. 245. According to the Second Court of Appeals, even where a motion for continuance is denied,

> [a] party must timely and specifically object to insufficiency of notice under rule 245, or the error is waived. *Padilla v. Comm'n for Lawyer Discipline*, 87 S.W.3d

---

[2]Gloria's motion for continuance was overruled on the day of trial.

[3]Gloria's motion for new trial also argued that the trial court erred in failing to grant her request for a continuance. Gloria does not pursue this point on appeal.

624, 626 (Tex. App.—San Antonio 2002, pet. denied); *State Farm Fire & Cas. Co. v. Price*, 845 S.W.2d 427, 432 (Tex. App.—Amarillo 1992, writ dism'd by agr.); *Keith v. Keith*, No. 01-04-01214-CV, 2006 WL 2042500, at *3 (Tex. App.—Houston [1st Dist.] July 20, 2006, no pet. h.); *see* TEX. R. APP. P. 33.1. The objection must be made before trial; a rule 245 objection made in a motion for new trial is untimely and preserves nothing for review. *Orr v. Uniglobe Travel (N. Tex./Okla.), Ltd.*, No. 01-92-01259-CV, 1993 WL 495129, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 1993, no pet.) (not designated for publication).

*In re A.H.*, No. 02-06-00211-CV, 2006 WL 3438179, at *1 (Tex. App.—Fort Worth Nov. 30, 2006, no pet.) (mem. op.); *see In re Marriage of Parker*, 20 S.W.3d 812, 818 (Tex. App.—Texarkana 2000, no pet.).

Here, Gloria was notified of the trial setting. After she filed a general denial, the trial court set the trial date of August 19, 2013. Gloria did not object that she was not given forty-five days' notice of the hearing, but instead filed a motion in which she requested a continuance for "at least 3 months" for medical treatment. Because Gloria failed to make a Rule 245 objection before trial, her sole point of error on appeal was not preserved. *See* TEX. R. APP. P. 33.1(a). Accordingly, we affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted:    May 14, 2014
Date Decided:    June 6, 2014