**Opinion issued October 4, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-01115-CV

———————————

**VICTORIA RICHARDSON, Appellant**

**V.**

**TARRENCE SIMS, Appellee**

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-50500**

---

## MEMORANDUM OPINION

Appellant Victoria Richardson, the mother of the child who is the subject of the underlying suit, brings this restricted appeal from an order affecting the parent-child relationship entered after she failed to appear for trial. Richardson contends that she did not receive notice of the trial setting at which the trial court rendered a

default judgment, and therefore the judgment should be reversed and the case remanded for a new trial. We affirm.

**Background**

In September 2014, Tarrence Sims, the father of the child, filed an original petition for suit affecting the parent-child relationship. Sims's petition asked that he and Richardson be appointed joint managing conservators of their child, that he have the exclusive right to designate the primary residence of the child, and that Richardson be ordered to pay child support. He requested temporary orders with the same terms.

On September 24, 2014, the trial court held a hearing on the request for temporary orders. Richardson appeared at this hearing along with Sims. The trial court entered temporary orders appointing Sims and Richardson temporary joint managing conservators, granting Richardson the exclusive right to designate the child's primary residence within Harris County or Magnolia, Texas, entering a possession order, and ordering Sims to pay Richardson child support.

In February 2015, Sims moved to modify the temporary orders because Richardson had violated the orders by taking the child to Florida. The trial court modified the orders to give Sims the exclusive right to designate the child's primary residence within Harris County and suspended Sims's support obligation. The trial

2

court noted in its order that Richardson had been notified of the hearing, but she failed to appear.

On June 8, 2015, the case was called for trial. Sims appeared with his lawyer, but Richardson did not appear. The trial court proceeded to trial, at which Sims testified, and thereafter the court rendered a default judgment appointing Sims and Richardson joint managing conservators, giving Sims the exclusive right to designate the child's residence, ordering Richardson to pay child support, and ordering that Richardson's visits with the child be supervised. The judgment stated that Richardson "has made a general appearance and was duly notified of trial but failed to appear and defaulted."

Richardson filed a notice of restricted appeal within six months of the default judgment.

## Discussion

In her sole issue, Richardson contends that the face of the record shows that her due process rights were violated because she did not receive notice of the June 8, 2015 trial setting as required by Texas Rule of Civil Procedure 245.

### A.     Standard of Review

A restricted appeal is a type of direct attack on a default judgment. TEX. R. APP. P. 30; *Barker CATV Const., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1999, no pet.). To prevail in a restricted appeal, the

appellant must show that (1) she brought the appeal within six months after the trial court signed the judgment; (2) she was a party to the suit; (3) she did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Invesco Inv. Servs., Inc. v. Fidelity Deposit & Disc. Bank*, 355 S.W.3d 257, 259 (Tex. App.—Houston [1st Dist.] 2011, no pet.). "The face of the record consists of all the papers on file in the appeal, including any reporter's record." *Invesco*, 355 S.W.3d at 259. Error generally may not be inferred from silence in the record; thus, absent affirmative proof of error, a restricted appeal fails. *See Alexander*, 134 S.W.3d at 849–50.

## B.    Applicable Law

When a defendant makes an appearance in a case, such as by filing an answer, the defendant is entitled to notice of the trial setting as a matter of due process. *See LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam); *Custom–Crete, Inc. v. K–Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.). Texas Rule of Civil Procedure 245 provides:

> The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties.

Tex. R. Civ. P. 245.

The 45-day notice provision of Rule 245 is mandatory. *Custom–Crete*, 82 S.W.3d at 659; *In re Marriage of Parker*, 20 S.W.3d 812, 818 (Tex. App.—Texarkana 2000, no pet.). A trial court's failure to comply with the notice provision of Rule 245 in a contested case "deprives a party of its constitutional right to be present at the hearing, to voice its objections in an appropriate manner, and results in a violation of fundamental due process." *Custom–Crete*, 82 S.W.3d at 659 (citing *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.)). Failure to give proper notice is therefore grounds for reversal. *Id.*

However, the law presumes that a trial court hears a case only after proper notice to the parties. *In re Marriage of Parker*, 20 S.W.3d at 816 (citing *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, writ denied). An appellant who alleges failure to give proper notice of trial carries a heavy burden, because the record will usually be barren of affirmative proof of this type of error. *Robert S. Wilson Inv. No. 16 Ltd. v. Blumer*, 837 S.W.2d 860, 861 (Tex. App.—Houston [1st Dist.] 1992, no writ) (citing *General Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 943 (Tex. 1991)). The trial court provides the parties notice when a contested case is set for trial, and the rules do not impose a duty on the trial court or its personnel to include documentary evidence in the record that notice of a trial setting was given. *Garcia v. Arbor Green Owners Ass'n*, 838 S.W.2d 800, 803 (Tex.

App.—Houston [1st Dist.] 1992, writ denied); *Blumer*, 837 S.W.2d at 861. Accordingly, if the record is silent as to whether notice of a trial setting was given, no error appears on the face of the record. *Garcia*, 838 S.W.2d at 803; *Butler v. Butler*, 808 S.W.2d 128, 129 (Tex. App.—Houston [1st Dist.] 1991, writ. denied); *see also Karagounis v. David T. Lopez & Assoc.*, No. 01-01-00884-CV, 2003 WL 203478, at *1 (Tex. App.—Houston [1st Dist.] Jan. 30, 2003, no pet.) (mem. op.).

Moreover, a recitation of due notice of the trial setting in the judgment constitutes some evidence that proper notice was given. *In re Marriage of Parker*, 20 S.W.3d at 816 (citing *Osborn*, 961 S.W.2d at 411). Because silence regarding notice is not error on the face of the record, such a recitation must be rebutted by other evidence in the record to rebut the presumption of proper notice. *See id.* (citing *Osborn*, 961 S.W.2d at 411).

**C.    Analysis**

The trial court's judgment states that Richardson "was duly notified of trial," which is some evidence that Richardson received proper notice of the trial setting. *See id.* at 816 (citing *Osborn*, 961 S.W.2d at 411) (recitation of due notice of trial setting in judgment constitutes some evidence that proper notice was given). There is no evidence in the record controverting this statement.

Nevertheless, Richardson contends that the record "conclusively establishes" that she did not receive proper notice because the clerk's record does not contain a

notice of the trial setting. She also points out that Sims did not claim—on the record at trial—that he told Richardson about the trial setting when he spoke with her by phone the week before trial. But neither of these things affirmatively demonstrates that Richardson did not receive proper notice of the trial setting. The clerk's record does not typically contain a copy of a notice of a trial setting, and therefore, its absence from the clerk's record is not proof that proper notice was not provided. *See Garcia*, 838 S.W.2d at 802; *Blumer*, 837 S.W.2d at 861.

In short, the judgment recites that Richardson was duly notified of the trial setting and nothing in the record affirmatively shows that she did not receive proper notice. *See Osborn*, 961 S.W.2d at 411 (recitation of due notice of trial setting in judgment constitutes some evidence that proper notice was given; law presumes that trial court hears case only after proper notice to parties unless record shows otherwise). Because the face of the record does not affirmatively show that Richardson did not receive proper notice of trial, no error appears on the face of the record and we must affirm the default judgment. *See Alexander*, 134 S.W.3d at 848 (appellant in restricted appeal must affirmatively show error on face of record); *Karagounis*, 2003 WL 203478, at \*1 (affirming default judgment where nothing in record affirmatively showed appellant did not receive proper notice of trial); *Garcia*, 838 S.W.2d at 803 (record must affirmatively show lack of proper notice, therefore no error on face of record where record did not include notice of trial); *Butler*, 808

S.W.2d at 129 (affirming default judgment where nothing in record showed appellant did not receive proper notice of trial setting).

We overrule Richardson's sole issue.

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Higley and Huddle.