

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00143-CV

---

JOHNNY LAM, APPELLANT

V.

WICHITA COUNTY, APPELLEE

---

On Appeal from the 78th District Court
Wichita County, Texas[1]
Trial Court No. DC78-TX2020-1421, Honorable Jeff McKnight, Presiding

---

November 13, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant Johnny Lam[2] brings this restricted appeal from a post-answer default judgment entered against him in a suit by Wichita County to recover delinquent taxes. We reverse the trial court's judgment and remand this cause for further proceedings.

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] Lam is also known as Jonny Lam, Jonny Hai Phuoc Lam, and Hai Lam.

## BACKGROUND

In July of 2020, Wichita County filed suit against Lam to collect delinquent property taxes for tax years 2018 and 2019. Lam was personally served and filed a pro se answer. Wichita County subsequently amended its petition to include additional properties and tax years. On August 30, 2024, Wichita County's counsel sent a letter to the trial court coordinator confirming that the case was set for a non-jury trial on September 18, 2024. The letter includes a certificate of service indicating that Lam was mailed a copy of the letter. The case proceeded to a bench trial on September 18. Lam did not appear, either in person or through counsel. The trial court signed a judgment on September 19 in favor of Wichita County. On March 17, 2025, Lam filed a notice of restricted appeal.

## ANALYSIS

In two related issues, Lam asserts that (1) this case meets the requirements for a restricted appeal and (2) he should prevail because the error he complains of is apparent on the face of the record. A restricted appeal is a direct attack on a judgment. *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To prevail on a restricted appeal, an appellant must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed, (2) he was a party to the underlying suit, (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). There is no dispute that Lam meets the first three requirements; therefore, the only issue on

appeal is whether error is apparent on the face of the record. For purposes of a restricted appeal, the face of the record consists of the reporter's record and all the papers in the clerk's record filed prior to final judgment. *Davenport v. Scheble*, 201 S.W.3d 188, 193 (Tex. App.—Dallas 2006, pet. denied) (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) and *Armstrong v. Benavides*, 180 S.W.3d 359, 362 (Tex. App.—Dallas 2005, no pet.)).

Lam asserts that he was not given proper notice of the trial setting as required by Texas Rule of Civil Procedure 245. *See* TEX. R. CIV. P. 245 (requiring "reasonable notice of not less than forty-five days to the parties of a first setting for trial" in contested cases). He asserts that "[n]o evidence exists on the face of the record that [he] was ever sent or ever received a 45[-]day notice of final hearing." If a respondent does not have notice of the trial setting as required by Rule 245, a default judgment taken against the respondent is ineffectual and should be set aside. *Platt v. Platt*, 991 S.W.2d 481, 484 (Tex. App.— Tyler 1999, no pet.).

We presume that the trial court will hear a case only when proper notice has been given to the parties. *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.). Thus, we begin with the presumption that Lam had proper notice of the trial setting. *Felt v. Comerica Bank*, 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.). To rebut this presumption, Lam must affirmatively show a lack of such notice. *Id.*

The rules of procedure do not impose a duty on the trial court or its personnel to include documentary evidence in the record that notice of a trial setting was given. *Garcia*

3

*v. Arbor Green Owners Ass'n*, 838 S.W.2d 800, 803 (Tex. App.—Houston [1st Dist.] 1992, writ denied).  Consequently, if the record is silent as to whether notice of a trial setting was given, no error appears on the face of the record.  *Id.*  However, if a judgment is effectively rebutted by other evidence in the record, this presumption of proper notice is no longer taken as true.  *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied).

Wichita County contends that there is no error on the face of the record because the record is silent concerning when the trial court provided notice of trial.  We disagree.  Although the record need not affirmatively demonstrate compliance with Rule 245, we apply the presumption of regularity only when the record is silent or ambiguous and, even then, only to reasonable presumptions.  *See Diamond Offshore Servs. v. Williams*, 542 S.W.3d 539, 545 (Tex. 2018) (in context of exclusion of evidence).  The record before us is not silent regarding notice, but rather, indicates that Lam was given notice of the September 18 setting on August 30.  At the hearing on September 18, Wichita County's counsel introduced "Exhibit 1, which is notice to those defendants that were personally served of today's hearing date and time . . . ."  Exhibit 1 is the August 30 letter Wichita County's counsel sent to Lam notifying him of the September 18 setting.  No reference to any other notice was made at the hearing or in this appeal.

The face of the record before us establishes that notice to Lam was sent by Wichita County's counsel on August 30, less than 45 days before trial.  Accordingly, we conclude that the trial court's default judgment was rendered in the absence of proper notice to Lam.  *See Turner v. Johnson*, No. 14-23-00238-CV, 2024 Tex. App. LEXIS 3023, at *4–6 (Tex. App.—Houston [14th Dist.] May 2, 2024, no pet.) (mem. op.) (appellant

4

demonstrated error on face of record concerning notice where record included notice of trial setting filed one day before trial); *Hildebrand v. Hildebrand*, No. 01-18-00933-CV, 2020 Tex. App. LEXIS 5576, at *10–11 (Tex. App.—Houston [1st Dist.] July 21, 2020, no pet.) (mem. op.) (where party resisting divorce was afforded only 39 days' notice before final hearing, court reversed and remanded); *Blanco v. Bolanos*, 20 S.W.3d 809, 811–12 (Tex. App.—El Paso 2000, no pet.) (presumption of proper notice rebutted where appellant could not have received 45 days' notice because record showed appellee had filed trial setting request only 15 days prior to final hearing).

## CONCLUSION

Having sustained Lam's issues on appeal, we reverse the trial court's default judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

Judy C. Parker
Justice

5