**GREENSPOINT PALMS, LTD., Appellant,**

v.

**The GREENSPOINT COMPANY, Appellee.**

**No. B14–89–00737–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 5, 1990.

Rehearing Denied Aug. 9, 1990.

Daniel J. Brustkern, Houston, for appellant.

Irving C. Stern, Gary E. Parks, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a denial of a motion for new trial and a request to set aside a post-answer default judgment. The Greenspoint Company (appellee) filed suit against Greenspoint Palms (appellant) alleging fraud and misrepresentation in a joint venture agreement. When appellant and his attorney failed to appear for trial, the trial court rendered judgment in favor of appellee. In three points of error, appellant contends the trial court erred in overruling its motion for new trial because it did not receive timely notice of the trial setting, and contends the court erred in granting judgment not in conformity with appellee's pleadings. We reverse the judgment and remand the cause to the trial court.

■ On the afternoon before this case was set for submission, we received a suggestion of bankruptcy, indicating that an involuntary bankruptcy proceeding had been commenced that day against appellant. We find this appeal is not an action *against* the bankrupt entity; therefore, we believe the automatic stay provision of § 362 of the Bankruptcy Code is inapplicable and we proceed with the disposition of the appeal.

■ In points of error one and two, appellant contends it is entitled to a new trial because it did not receive timely notice of the trial setting. When determining whether to grant a motion for new trial, the trial court should consider the standard set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939):

> A default judgment should be set aside and a new trial ordered in any case in which the failure of defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

These prerequisites for granting a motion to set aside a trial court's default judgment also apply to a post-answer default judgment. *Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex.1986). Also, when the record establishes that a defendant had no actual or constructive notice of the trial setting, a meritorious defense is not required to establish the right to a new trial. *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988). Such a requirement, in the absence of notice, violates due process rights under the Fourteenth Amendment to the federal constitution. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). Thus, the appellant need only demonstrate that his failure to appear was not intentional or the result of conscious indifference and that a new trial would not work an injury to appellee.

■ To satisfy his right to set aside the default judgment, it is sufficient that

the appellant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). James Morris, counsel for appellant, swore by affidavit that he had no notice whatsoever that the cause had been set for trial on April 24, 1989. He also swore that on the day of trial he was out of town and that his office had no means to contact him. On the day of trial, Gary Parks, counsel for appellee, called Morris's office and left three messages. Parks conceded that he "could not swear under oath that each of such messages advised trial counsel that the case was set for trial," but stated that he "certainly believe[d] that those matters were conveyed to trial counsel's office." However, the record reveals that the only message left by Parks at Morris's office was: "will be at court and will call you regarding Cox Greenspoint Palms." We find this message wholly insufficient, as well as untimely, to put appellant on notice of the trial setting.

We also find that a new trial would not work an injury to appellee. In its motion for new trial, appellant offered to reimburse appellee for costs incurred by the granting of the motion. Such an offer is an important factor for the trial court to consider when determining whether it should grant a new trial. *Angelo v. Champion Restaurant Equip. Co.,* 713 S.W.2d 96, 97 (Tex.1986). Moreover, once appellant alleged the granting of a new trial would not delay or otherwise injure the plaintiff, the burden of going forward with proof of injury shifted to appellee. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987). Because appellant offered to reimburse appellee for expenses, and because appellee has not otherwise demonstrated injury, we find appellant has established his right to set aside the default judgment. Accordingly, we sustain points of error one and two.

We reverse the judgment and remand the cause to the trial court for a new trial.