924 S.W.2d 746 (1996)
STATE AND COUNTY MUTUAL FIRE INSURANCE COMPANY, Citizens Adjustment and Reporting Service, Inc., and Sullivan and Associates, Appellants,
v.
Pamela WILLIAMS, Appellee.
No. 06-95-00087-CV.
Court of Appeals of Texas, Texarkana.
Submitted April 23, 1996.
Decided May 16, 1996.
Publication Ordered June 4, 1996.
*747 Louise Tausch, Atchley, Russell, Waldrop, Texarkana, for appellant.
Ernest Cochran, Lesher & Cochran, Texarkana, for appellee.
Before CORNELIUS, C.J., and GRANT, J.[1]

OPINION
CORNELIUS, Chief Justice.
State and County Mutual Fire Insurance Company, Citizens Adjustment and Reporting Service, Inc., and Sullivan and Associates appeal the trial court's refusal to grant them a new trial after they suffered a post-answer default judgment.[2] We sustain their point of error and reverse the judgment and remand the cause for trial on the merits.
In April 1993, Pamela Williams purchased a used automobile and insured it through Sullivan and Associates. Williams was later involved in an accident and made a claim on her insurance policy. The insurer, State and County Mutual, made an offer of settlement. Williams hired an attorney, who contacted the insurer and demanded full payment of the claim. Williams filed suit on June 16, 1994, against State and County Mutual, Citizens Adjustment and Reporting Service, and Sullivan and Associates, here collectively called appellants, claiming that they failed to settle her property damage claim for a fair and reasonable sum. She alleged that they violated the Texas Deceptive Trade Practices Act and the Texas Insurance Code. Appellants timely answered on June 27, 1994. The appellants' attorney in an affidavit supporting the motion for new trial said he received a facsimile transmission from Williams' attorney on December 13, 1994, offering to settle the suit for $13,000.00. He said the parties further discussed a possible settlement but that a question had arisen concerning the division of the proceeds.
*748 Williams' attorney alleges that on March 22, 1995, he sent the appellants' attorney a copy of a motion to compel discovery. In the motion to compel, Williams states that she served the appellants with interrogatories and a request for production on August 5, 1994. She also states that an extension of time to answer the discovery was granted to the appellants until September 29, 1994. She further says she sent a letter to the appellants' attorney on October 24, 1994, concerning the discovery. The appellate record contains no evidence of the interrogatories, the request for production, the extension, or the letter. The court held a hearing on the motion on April 17, 1995, but the appellants did not appear. The court signed an order on June 6, 1995, granting the motion, ordering the appellants to respond to interrogatories and requests for production no later than July 2, 1995, and sanctioning the appellants.
On May 26, 1995, the court held a pretrial conference. The appellants did not attend. On June 12, 1995, the court held a bench trial, and the appellants again failed to appear. At the trial, Williams and Jill Harrington, the supervisor of the civil department in the district clerk's office, both testified. Williams' attorney also answered questions under direct examination from co-counsel, but his testimony was not sworn. The court rendered judgment for Williams for $42,150.00 actual damages, $6,534.40 prejudgment interest, attorney's fees, and post-judgment interest.
The appellants filed their motion for new trial on July 12, 1995. Their attorney, in a supporting affidavit, says he received no notice of the motion to compel, the hearing on the motion, the pretrial conference, or the trial. He said he only received notice of the judgment on June 13, the day it was signed. No testimony was presented during the August 7, 1995, hearing on the motion for new trial, but the court took notice of the testimony given at the June 12 trial and denied the appellants' motion.
A new trial should be granted after a post-answer default judgment when the defendant's failure to attend was not intentional or the result of conscious indifference, but was due to an accident or mistake, and the defendant files the motion for new trial when the granting of a new trial will not delay or injure the plaintiff. Lopez v. Lopez, 757 S.W.2d 721, 722 (Tex.1988); Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939); 5 MCDONALD TEXAS CIVIL PRACTICE § 28:19 (rev.1992).[3]
The movant need not show a good excuse; a slight excuse will suffice. And a defendant's negligence will not bar a new trial so long as the failure to attend the trial was not the result of conscious indifference. Europa Cruises Corp. v. AFEC Int'l, 809 S.W.2d 783 (Tex.App.Houston [14th Dist.] 1991, no writ); Gotcher v. Barnett, 757 S.W.2d 398 (Tex.App.Houston [14th Dist.] 1988, no writ); Van Der Veken v. Joffrion, 740 S.W.2d 28, 30 (Tex.App.Texarkana 1987, no writ); Leonard v. Leonard, 512 S.W.2d 771, 773 (Tex.Civ.App.Corpus Christi 1974, writ dism'd w.o.j.); 5 MCDONALD TEXAS CIVIL PRACTICE § 28:20[b] (rev.1992). To satisfy their right to set aside a default judgment, the appellants' motion and affidavit need only set forth facts that, if true, would negate intentional or consciously indifferent conduct. Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex.1984); Greenspoint Palms v. Greenspoint Co., 795 S.W.2d 219, 220-21 (Tex.App.Houston [14th Dist.] 1990, no writ).
The appellants asserted in their attorney's affidavit that they received no notice of the motion to compel, the hearing on the motion to compel, the pretrial conference, or the trial date. Williams did not controvert these assertions by affidavit or by any other response. At the trial, a court employee testified that it was customary office practice to mail to out-of-county attorneys and parties appearing pro se copies of the docket pages listing their trial settings. She testified that normally, on April 6, 1995, someone from her *749 office would have mailed to the appellants' attorney a copy of the page listing their trial setting. When asked about the significance of the docket sheet listing appellants as being represented pro se, she replied, "[T]hat just shows that the company was represented by someone there." She did not specifically say where she mailed the copy, but said she would have mailed it to the most recent address for the appellants' attorney.[4]
Although Williams' attorney addressed the court under questioning by his co-counsel,[5] he gave little testimonial evidence and instead submitted pieces of evidence and asked the court to take judicial notice of the appellants' failures to appear for various hearings.
When the sender relies on office custom to raise a rebuttable presumption of mailing, she must offer corroborating evidence to support the inference that the custom was actually carried out. Texas Employers Ins. Ass'n v. Wermske, 162 Tex. 540, 349 S.W.2d 90, 92 (1961); Pan American Bank v. Nowland, 650 S.W.2d 879, 884 (Tex. App.San Antonio 1983, writ ref'd n.r.e.), overr. on other grounds, Crimmins v. Lowry, 691 S.W.2d 582 (Tex.1985).
Harrington's testimony about office custom is not corroborated. Although she said the trial docket was mailed April 6, 1995, she gave no basis for her knowledge. She appears to have been testifying to usual office procedure. As her testimony was not corroborated, it did not raise a rebuttable presumption that the clerk's office notified the appellants of the trial date.
Moreover, even if Harrington's testimony did raise a rebuttable presumption, the presumption vanishes when an opponent introduces evidence that the notice was not received. Cliff v. Huggins, 724 S.W.2d 778, 780 (Tex.1987). The affidavit from the appellants' attorney attesting that he did not receive pretrial or trial notice rebutted the presumption. It also rebutted the presumption of notice raised by the certificate of service signed by Williams' attorney in connection with the hearing on the motion to compel.
The affidavit of the appellants' attorney is not controverted. Williams offered no evidence that notice was received. She offered only opinions that the notices were probably sent. This does not controvert the sworn statement that the notices were not received.
Williams relies on cases in which reviewing courts have upheld trial courts' denial of motions for new trial. See, e.g., Johnson v. Edmonds, 712 S.W.2d 651 (Tex.App.Fort Worth 1986, no writ); First Nat'l Bank v. Peterson, 709 S.W.2d 276 (Tex.App.Houston [14th Dist.] 1986, writ ref'd n.r.e.); Butler v. Dal Tex Mach. & Tool Co., 627 S.W.2d 258 (Tex.App.Fort Worth 1982, no writ). In all these cases, however, the parties acknowledged receiving notice but argue that they did not understand that an answer was required. In our case, the appellants offered uncontroverted evidence that they did not receive notice of the hearing on the motion to compel, the pretrial conference, or the trial. That fact distinguishes this case from those on which Williams relies.
The movant also must file the motion for new trial when the granting will not delay or injure the other party. Craddock v. Sunshine Bus Lines, supra. This requirement protects the nonmovant against undue delay or injury that might disadvantage her in presenting the merits of her case at a new trial, such as the loss of a witness or other evidence on retrial. Jackson v. Mares, 802 S.W.2d 48, 49 (Tex.App.Corpus Christi 1990, writ denied); 5 MCDONALD TEXAS CIVIL PRACTICE § 28:22 (rev.1992). In determining whether a new trial will delay or injure the plaintiff, the court should consider the whole record. United Beef Producers, Inc. v. Lookingbill, 532 S.W.2d 958, 959 (Tex.1976). Once the movant has alleged that the granting *750 of a new trial will not delay or otherwise injure the nonmovant, the burden of going forward with proof of injury shifts to the nonmovant because these matters are peculiarly within the nonmovant's knowledge. Cliff v. Huggins, 724 S.W.2d at 779.
Here, on the date of the motion for new trial, the suit had been pending for about a year, and settlement negotiations had been ongoing. Therefore, the slight delay entailed in granting a new trial would not be significant in the overall context, and the only harm to Williams would be the loss of the improperly taken judgment. That is not the kind of delay or harm envisioned by the Craddock test. Jackson v. Mares, 802 S.W.2d at 52. The appellants say in their appellate brief that they are "ready, willing, and able" to reimburse Williams for reasonable costs and expenses associated with her obtaining the post-answer judgment. Courts generally construe an offer to reimburse liberally. See, e.g., Aero Mayflower Transit Co. v. Spoljaric, 669 S.W.2d 158, 161 (Tex. App.Fort Worth 1984, writ dism'd); 5 MCDONALD § 28:22. Although the law does not require an offer, Angelo v. Champion Restaurant Equip. Co., 713 S.W.2d 96, 98 (Tex. 1986), some cases suggest that the defendant should announce that it is ready, willing, and able to go to trial. See, e.g., State Farm Life Ins. Co. v. Mosharaf, 794 S.W.2d 578, 585 (Tex.App.Houston [1st Dist.] 1990, writ denied), citing Angelo v. Champion Restaurant Equip. Co., supra. The appellants have not expressly stated that they are ready, willing, and able to go to trial. They did note that settlement discussions had been proceeding and if the default judgment and motion for new trial had not arisen, the matter likely would have already been settled. In determining whether the overturning of a default judgment would cause the nonmovant an undue delay, the court should deal with the facts on a case-by-case basis. Angelo v. Champion Restaurant Equip. Co., supra.
We conclude that the appellants have shown sufficient circumstances to establish a prima facie case for no undue delay or harm, and that Williams has not refuted that showing. We therefore conclude that the trial court abused its discretion in denying the appellants' motion for new trial after they met the conditions set out in Craddock. Angelo v. Champion Restaurant Equipment Co., supra. We reverse the judgment and remand the cause for a new trial.
NOTES
[1] Justice Charles Bleil was a member of the court when this case was argued and submitted, and participated fully in the consideration of this case, but resigned from the court before the opinion was issued.
[2] A judgment against a party who has answered the suit but fails to appear is not a true default, but a judgment on trial. Hall v. C-F Employees Credit Union, 536 S.W.2d 266, 267-68 (Tex.Civ. App.Texarkana 1976, no writ) (citing a prior edition of 4 MCDONALD TEXAS CIVIL PRACTICE § 17.25). In Texas practice, however, this kind of judgment is now called a post-answer default judgment. Attorney General v. Abbs, 812 S.W.2d 605, 608 (Tex.App.Dallas 1991, no writ); see also 5 MCDONALD TEXAS CIVIL PRACTICE § 27:62 n.612 (rev. 1992).
[3] Although Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939), also requires the movant to establish a meritorious defense, the law does not require a meritorious defense when the defendant did not receive trial notice. See Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988); see also Lopez v. Lopez, 757 S.W.2d 721 (Tex.1988). Williams acknowledges that the appellants need not establish a meritorious defense.
[4] The appellants' original answer lists an attorney with a Dallas address, Suite 900. The motion for new trial lists the same attorney and address, but in Suite 910. The appellate record does not show where the trial notice was sent.
[5] Rather than having the attorney sworn, the judge said, "I'll dispense with the oath. You're an officer of the Court. The Court would expect you to be truthful to it," to which the attorney replied, "Yes, sir." Even though an attorney is an officer of the court, if the attorney's testimony is to be considered evidence, it must be given under oath, absent waiver. Bloom v. Bloom, 767 S.W.2d 463, 471 (Tex.App.San Antonio 1989, writ denied). The appellants cannot have waived any objection because they were not at the hearing.