

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00237-CV

In the Interest of C.M.D. and H.M.A. a/k/a H.M.A., Children

§ From the 323rd District Court

§ of Tarrant County (323-93993J-11)

§ November 29, 2012

§ Opinion by Justice Walker

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment. It is ordered that the judgment of the trial court is reversed, and the case is remanded to the trial court for a new trial. The trial court must commence a new trial no later than 180 days after the date this court issues the mandate in this appeal. *See* Tex. R. App. P. 28.4(c).

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Sue Walker



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00237-CV

IN THE INTEREST OF C.M.D. AND
H.M.A. A/K/A H.M.A., CHILDREN

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an ultra-accelerated[2] appeal from a post-answer default judgment

terminating Mother's and Father's parental rights to C.M.D. and H.M.A.  The

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate court to dispose of appeal from a judgment terminating parental rights within 180 days after notice of appeal was filed).  We note that briefing was completed in this appeal on October 2, 2012, and that our opinion is required to issue on or before December 10, 2012, leaving this Court with less than sixty days to draft, circulate, and issue this opinion.

Friday prior to the termination trial, Mother and Father's attorney filed a motion to withdraw and an unsworn motion for continuance. The motion to withdraw did not state that a copy of the motion had been delivered to Mother or to Father, did not state that Mother or Father had been notified in writing of their right to object to the withdrawal, did not indicate whether Mother or Father consented to the motion, and did not set forth Mother's or Father's last known address or the pending trial setting. *See* Tex. R. Civ. P. 10. The case was called for trial; Mother and Father's attorney appeared, informed the trial court that he was under doctor's orders to not participate in any court proceedings, and urged the trial court to grant his motion to withdraw and for a continuance.

Mother and Father did not appear for trial. Their attorney said that as far as he knew, "they [Mother and Father] were notified earlier [of the trial setting] at the time it was reset." He did not indicate that he had informed Mother and Father of the trial setting. He said that he "[had] not been able to have contact with them [Mother and Father] in recent weeks" but that the "last contact I had with them was that they were still very much interested in defending their rights and trying to at least maintain the best possible relationship with their children and that their rights not be terminated." When questioned by the trial court, the Department indicated that it was in regular contact with Mother and Father during their visitation with C.M.D. and H.M.A. and said that Mother and Father were aware "of this hearing today." In fact, Mother and Father had visited the children the Wednesday prior to trial.

3

The trial court granted Mother and Father's attorney's motion to withdraw but denied the motion for continuance. The Department called three witnesses whose combined testimony—including additional examination by the children's attorney ad litem—spans a mere thirty-six pages in the reporter's record. The trial court then granted the Department's petition to terminate Mother's and Father's parental rights and found that it was in the children's best interest to do so. The trial court signed a May 23, 2012 termination judgment immediately after the Department presented its evidence.

On June 22, 2012, Mother and Father filed a letter requesting a new trial and indicating that they were never notified of any court hearing on the termination of their parental rights to the children; the letter states that their attorney explained to them that he "got us a continuance due to his health issues, so to his knowledge, as ours, the continuance was granted." In affidavits considered at the motion for new trial hearing, Mother and Father averred that they were not aware that trial counsel had filed a motion to withdraw and that they were not present for the trial because they were told by trial counsel that the trial court had granted a continuance.[3] Mother's and Father's affidavits further deny all the allegations supporting the Department's grounds for termination.

---

[3]Counsel for the parties agreed and stipulated on the record at the motion for new trial hearing that Mother's and Father's affidavits would be treated as if they were attached to Mother and Father's timely filed letter requesting a new trial "so that the Court of Appeals could consider the affidavits" and that the affidavits would be treated as "stipulated testimony for purposes of their Original Motion for New Trial."

Mother and Father's appellate counsel argued at the motion for new trial hearing that Mother and Father had met the requisites necessary to obtain a new trial under *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). Apparently, at least in part because at the time of the motion for new trial hearing only ten days remained until the automatic dismissal deadline,[4] the trial court denied Mother and Father's motion for new trial. Mother and Father perfected this appeal and raise eight issues.

In part of their seventh issue, Mother and Father argue that the trial court erred by not setting aside the post-answer default judgment as required by *Craddock*. *See id.* A post-answer default judgment occurs when a defendant files an answer but neither the defendant nor his attorney appear for trial. *See LeBlanc v. LeBlanc*, 778 S.W.2d 865, 865 (Tex. 1989) (explaining that judgment was not post-answer default judgment because although husband did not personally appear for trial, husband's counsel appeared and represented husband at trial); *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979) (explaining distinctions between no-answer default judgment, judgment nihil dicit, and post-answer default judgment). A trial court must set aside a post-answer default judgment when the defendant satisfies the test articulated by *Craddock*. *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex.

---

[4]*See* Tex. Fam. Code Ann. § 263.401(a) (West 2008) (setting forth deadlines that require dismissal of suits affecting the parent-child relationship in which the Department requests termination).

5

1994); *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987). Under *Craddock,* the defendant must demonstrate that (1) his failure to appear was not intentional or the result of conscious indifference; (2) there is a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006); *Cliff*, 724 S.W.2d at 779.

Concerning the first *Craddock* prong, in deciding whether an appellant's failure to appear resulted from intentional disregard or conscious indifference, we look to his knowledge and conduct and will examine all of the evidence in the record that was before the trial court. *See Evans*, 889 S.W.2d at 269. In a *Craddock* motion for new trial hearing, the trial court is bound to accept as true the movant's affidavits unless the opponent requests an evidentiary hearing and offers controverting evidence. *Averitt v. Bruton Paint & Floor Co.*, 773 S.W.2d 574, 576 (Tex. App.—Dallas 1989, no writ). We are to apply this first prong liberally, considering each case on an ad hoc basis. *See Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex. App.—Houston [14th Dist.] 1988, no writ). To establish that the failure to appear was not intentional or the result of conscious indifference, a defendant need not show a good excuse; a slight excuse will suffice. *State & Cnty. Mut. Fire Ins. Co. v. Williams,* 924 S.W.2d 746, 748 (Tex. App.—Texarkana 1996, no writ). To satisfy his right to set aside a default judgment on this prong, the defendant's motion for new trial and affidavit need only set forth facts that, if true, would negate intentional or consciously indifferent conduct. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). "Conscious

6

indifference" means the failure to take some action that would appear obvious to a reasonable person under similar circumstances. *Prince v. Prince*, 912 S.W.2d 367, 370 (Tex. App.—Houston [14th Dist.] 1995, no writ).

Here, Mother and Father's motion for new trial and their affidavits contain the following facts that, if true, negate any intentional or consciously indifferent conduct by Mother and Father in failing to appear for the termination trial. Mother and Father did not appear for trial because their attorney had told them that he had obtained a continuance of the trial due to his health conditions. Mother's and Father's affidavit testimony dovetails with the events, set forth above, that occurred when the case was called for trial. When the case was called for trial, Mother and Father's attorney requested a continuance based on his health issues. At the same time, Mother and Father's attorney presented a motion to withdraw from the representation of Mother and Father; Mother's and Father's affidavits averred that they did not know that their attorney had filed a motion to withdraw.[5] The motion to withdraw did not comply with the requisites listed in

---

[5]We reference Mother and Father's attorney's motion to withdraw and the trial court's granting of it in our analysis of *Craddock*'s first prong because it compounds the due process violation suffered by Mother and by Father. *See In re J.O.A.*, 283 S.W.3d 336, 343 (Tex. 2009) (recognizing that attorney must satisfy the requirements of rule 10 of the rules of civil procedure in order to withdraw and stating that attorney's failure to do so left a father without representation at a critical stage of the proceeding); *Villegas v. Carter*, 711 S.W.2d 624, 626–27 (Tex. 1986) (reversing trial court's denial of continuance and granting of motion to withdraw two days' before trial and holding that "[t]he right to counsel is a valuable right; its unwarranted denial is reversible error"); *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 113 (Tex. App.—Waco 1999, no pet.) (holding that a trial court abuses its discretion when it grants a motion to

7

rule 10 of the rules of civil procedure or indicate that it had been served on Mother or Father. Examining all of the evidence before the trial court concerning the first *Craddock* prong and looking to Mother's and Father's knowledge, neither Mother nor Father failed to take an action that would be obvious to a reasonable person. Mother and Father's attorney told them that he had obtained a continuance of the trial setting based on his ill health and that is why they did not appear. This evidence constitutes more than a slight excuse for Mother's and Father's failure to appear. Thus, we hold that Mother and Father met their burden of establishing that their failure to appear at the trial was not intentional or the result of conscious indifference. *See, e.g., In re Marriage of Parker*, 20 S.W.3d 812, 818 (Tex. App.—Texarkana 2000, no pet.) (holding that husband's failure to appear for trial was not the result of conscious indifference when husband received fourteen-days' notice and wrote to trial court clerk for clarification and to complain of lack of forty-five-days' notice of trial setting).

On appeal, the Department agrees that Mother and Father established that their failure to appear at trial was not the result of conscious indifference but contends that controverting evidence exists from which the trial court could have found conscious indifference. At the motion for new trial hearing, the Department did not offer controverting affidavits or evidence on the first *Craddock* prong. In

---

withdraw that does not comply with the mandatory requirements of rule 10); *Moss v. Malone*, 880 S.W.2d 45, 51 (Tex. App.—Tyler 1994, writ denied) (op. on reh'g) (same).

its brief, the Department points to two on-the-record statements made when the case was called for trial as controverting Mother's and Father's affidavit evidence. First, the Department points to the statement by Mother and Father's attorney when he appeared for trial on May 23—that "I have not been able to have contact them with them in recent weeks"—as controverting Mother's and Father's statements that their attorney had told them that he had obtained a continuance based on his health issues. The termination trial was reset on February 14, 2012, at the same time Mother and Father's attorney was substituted in, for trial on May 23, 2012. Mother and Father's affidavit testimony that their attorney had told them that he had obtained a continuance is not limited to a two-week timeframe before the trial setting; their attorney's statement that he had been unable to have contact with them in recent weeks does not controvert Mother's and Father's affidavit testimony. The Department also points to the on-the-record statement by its employee that Mother and Father "are aware of this hearing." Again, this statement by a Department employee, however, does not controvert Mother's and Father's affidavit testimony that their attorney had told them that a continuance had been granted. Because Mother's and Father's explanation or excuse for failing to appear at the trial setting is uncontroverted, the first prong of *Craddock* was established.

9

If Mother and Father are required to satisfy *Craddock*'s second prong,[6] the record establishes, and the Department concedes, that they did so.[7]

Concerning the third prong of *Craddock*, the Department argues that the Family Code's mandatory dismissal deadline—which would have run within ten days of the motion for new trial hearing—prevented Mother and Father from establishing the third *Craddock* prong, i.e., that the granting of a new trial would not operate to cause delay or injury to the opposing party, the Department. At the time of the hearing on Mother and Father's motion for new trial, neither the parties nor the trial court had the benefit of the Texas Supreme Court's opinion in

---

[6]A defendant who has appeared or answered (like Mother and Father) possesses a Fourteenth Amendment due process right to constitutionally adequate notice of a dispositive hearing or trial setting, and the failure to provide constitutionally adequate notice excuses the defendant from the requirement of satisfying the second *Craddock* prong because to so require would constitute a further impingement of due process. *See, e.g.*, *LBL Oil Co., v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 85–86, 108 S. Ct. 896, 899 (1988)); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988); *In re Marriage of Runberg*, 159 S.W.3d 194, 199–200 (Tex. App.—Amarillo 2005, no pet.); *Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 801 (Tex. App.—Corpus Christi 2001, pet. denied); *In re Marriage of Parker*, 20 S.W.3d at 818; *accord Rorie v. Goodwin*, 171 S.W.3d 579, 584 (Tex. App.—Tyler 2005, no pet.) (holding that defendant filing *Craddock* motion for new trial following entry of summary judgment when defendant did not receive notice of summary judgment hearing need only satisfy first *Craddock* prong to obtain new trial).

[7]In its brief, the Department candidly states,

> With regard to the meritorious defense prong, the Department agrees that controverting evidence is irrelevant. In re R.R., 209 S.W.3d 112, 116 (Tex. 2006). The Department, thus concedes that this element was satisfied.

10

*In re E.R.*, No. 11-0282, 2012 WL 2617604, at \*1–12 (Tex. July 6, 2012). In *E.R.*, the supreme court reversed a default termination judgment appealed more than six months later by a mother served by publication, stating,

> We appreciate the policy concerns the Department identifies. It, the parent, and the child share an interest in a quick and final decision. *In the Interest of M.S.*, 115 S.W.3d 534, 548 (Tex. 2003). But finality cannot trump a parent's constitutional right to be heard. *Stanley v. Illinois*, 405 U.S. 645, 646, 92 S. Ct. 1208, 31 L.Ed.2d 551 (1972) (noting that "the Constitution recognizes higher values than speed and efficiency"). **We have twice held that Family Code provisions that expedite termination proceedings must yield to due process**. *See In the Interest of B.G.*, 317 S.W.3d 250, 258 (Tex. 2010) (holding that failure to file requisite statement of appellate points could not, consistent with due process, form a basis for denying parent an appellate record and that Family Code section 263.405 was unconstitutional as applied to parent); *In the Interest of J.O.A.*, 283 S.W.3d 336, 339, 347 (Tex. 2009) (holding that despite parents' failure to file timely statement of appellate points, due process required that they be allowed to appeal complaining of ineffective assistance of counsel; "section 263.405(i) is unconstitutional as applied when it precludes a parent from raising a meritorious complaint about the insufficiency of the evidence supporting the termination order").

*Id.* at \*10 (bolded emphasis added). The supreme court made clear in *E.R.* that the family code provisions, like the mandatory dismissal deadline, *must yield to due process. Id.*

Here, just as in *E.R.*, the family code provisions that expedite termination proceedings must yield to due process. The family code's dismissal deadline must yield to Mother's and Father's constitutional due process right to participate

in the termination trial[8] after receiving constitutionally adequate notice.[9] *See id.*; *accord R.R.*, 209 S.W.3d at 117 (reversing no-answer default judgment that terminated parental rights). Thus, Mother and Father are entitled to a new trial under *Craddock's* third prong.

Having determined that Mother and Father satisfied the requisites of *Craddock*, we hold that the trial court abused its discretion by denying Mother and Father's motion for new trial. We sustain the pertinent portion of Appellants' seventh issue, reverse the trial court's judgment, and remand this case for a new trial. Because this issue is dispositive of Appellants' appeal, we need not address their remaining issues. *See* Tex. R. App. P. 47.1 (stating that appellate court need only address every issue necessary for final disposition of the appeal).

---

[8]Mother and Father were deprived of the opportunity to participate in the proceeding themselves because they were told that their attorney had obtained a continuance. Mother and Father were deprived of the opportunity to participate in the proceeding through their trial counsel because—unbeknownst to Mother and Father—he withdrew when the case was called for trial, leaving them without representation at a critical stage of the proceeding. *Accord J.O.A.*, 283 S.W.3d at 343 (recognizing that attorney must satisfy the requirements of rule 10 of the rules of civil procedure in order to withdraw and stating that attorney's failure to do so left a father without representation at a critical stage of the proceeding); *Villegas*, 711 S.W.2d at 626–27 ("The trial court should either have denied the attorney's motion to withdraw or granted the party's motion for continuance; it did neither. Therefore, we reverse the court of appeals judgment and remand for a new trial.").

[9]Here, just as in *E.R.*, the Department's allegations against Mother and Father are serious and, ultimately if proven, may justify terminating their parental rights.

                                                  SUE WALKER
                                                  JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  November 29, 2012