02-12-237-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00237-CV

 

 


 
 
 In
 the Interest of C.M.D. and H.M.A. a/k/a H.M.A., Children
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
 
 
 From the 323rd District
 Court
  
 of
 Tarrant County (323-93993J-11)
  
 November
 29, 2012
  
 Opinion
 by Justice Walker
 
 


JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is reversed, and the case is remanded to the trial court for a new
trial.  The trial court
must commence a new trial no later than 180 days after the date this court issues
the mandate in this appeal.  See Tex. R. App. P. 28.4(c).

 

SECOND DISTRICT COURT OF APPEALS 

 

 

By_________________________________

                                                           Justice
Sue Walker

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00237-CV

 

 


 
 
 In the Interest of C.M.D. and H.M.A. a/k/a H.M.A.,
 Children
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          This
is an ultra-accelerated[2] appeal from a post-answer
default judgment terminating Mother’s and Father’s parental rights to C.M.D.
and H.M.A.  The Friday prior to the termination trial, Mother and Father’s
attorney filed a motion to withdraw and an unsworn motion for continuance.  The
motion to withdraw did not state that a copy of the motion had been delivered
to Mother or to Father, did not state that Mother or Father had been notified
in writing of their right to object to the withdrawal, did not indicate whether
Mother or Father consented to the motion, and did not set forth Mother’s or
Father’s last known address or the pending trial setting.  See Tex. R.
Civ. P. 10.  The case was called for trial; Mother and Father’s attorney
appeared, informed the trial court that he was under doctor’s orders to not
participate in any court proceedings, and urged the trial court to grant his
motion to withdraw and for a continuance.

Mother
and Father did not appear for trial.  Their attorney said that as far as he
knew, “they [Mother and Father] were notified earlier [of the trial setting] at
the time it was reset.”  He did not indicate that he had informed Mother and
Father of the trial setting.  He said that he “[had] not been able to have
contact with them [Mother and Father] in recent weeks” but that the “last
contact I had with them was that they were still very much interested in
defending their rights and trying to at least maintain the best possible
relationship with their children and that their rights not be terminated.”  When
questioned by the trial court, the Department indicated that it was in regular
contact with Mother and Father during their visitation with C.M.D. and H.M.A. and
said that Mother and Father were aware “of this hearing today.”  In fact, Mother
and Father had visited the children the Wednesday prior to trial.

          The
trial court granted Mother and Father’s attorney’s motion to withdraw but
denied the motion for continuance.  The Department called three witnesses whose
combined testimony—including additional examination by the children’s attorney
ad litem—spans a mere thirty-six pages in the reporter’s record.  The trial
court then granted the Department’s petition to terminate Mother’s and Father’s
parental rights and found that it was in the children’s best interest to do so.
 The trial court signed a May 23, 2012 termination judgment immediately after
the Department presented its evidence.

On
June 22, 2012, Mother and Father filed a letter requesting a new trial and
indicating that they were never notified of any court hearing on the termination
of their parental rights to the children; the letter states that their attorney
explained to them that he “got us a continuance due to his health issues, so to
his knowledge, as ours, the continuance was granted.”  In affidavits considered
at the motion for new trial hearing, Mother and Father averred that they were
not aware that trial counsel had filed a motion to withdraw and that they were
not present for the trial because they were told by trial counsel that the
trial court had granted a continuance.[3]  Mother’s and Father’s
affidavits further deny all the allegations supporting the Department’s grounds
for termination.  Mother and Father’s appellate counsel argued at the motion
for new trial hearing that Mother and Father had met the requisites necessary
to obtain a new trial under Craddock v. Sunshine Bus Lines, Inc., 134
Tex. 388, 133 S.W.2d 124 (1939).  Apparently, at least in part because at the
time of the motion for new trial hearing only ten days remained until the automatic
dismissal deadline,[4] the trial court denied Mother
and Father’s motion for new trial.  Mother
and Father perfected this appeal and raise eight issues.

In
part of their seventh issue, Mother and Father argue that the trial court erred
by not setting aside the post-answer default judgment as required by Craddock.
 See id.  A post-answer default judgment occurs when a defendant files
an answer but neither the defendant nor his attorney appear for trial.  See
LeBlanc v. LeBlanc, 778 S.W.2d 865, 865 (Tex. 1989) (explaining that judgment
was not post-answer default judgment because although husband did not
personally appear for trial, husband’s counsel appeared and represented husband
at trial); Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979)
(explaining distinctions between no-answer default judgment, judgment nihil
dicit, and post-answer default judgment).  A trial court must set aside a
post-answer default judgment when the defendant satisfies the test articulated
by Craddock.  Dir., State Emps. Workers’ Comp. Div. v. Evans, 889
S.W.2d 266, 268 (Tex. 1994); Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex.
1987).  Under Craddock,
the defendant must demonstrate that (1) his failure to appear was not
intentional or the result of conscious indifference; (2) there is a meritorious
defense; and (3) the granting of a new trial will not operate to cause delay or
injury to the opposing party.  In re R.R., 209 S.W.3d 112, 114 (Tex.
2006); Cliff, 724
S.W.2d at 779.

Concerning
the first Craddock prong, in deciding whether an appellant’s failure to
appear resulted from intentional disregard or conscious indifference, we look
to his knowledge and conduct and will examine all of the evidence in the record
that was before the trial court.  See
Evans, 889 S.W.2d at 269.  In a Craddock motion for new
trial hearing, the trial court is bound to accept as true the movant’s
affidavits unless the opponent requests an evidentiary hearing and offers
controverting evidence.  Averitt
v. Bruton Paint & Floor Co., 773 S.W.2d 574, 576 (Tex. App.—Dallas 1989, no
writ).  We are to apply this first prong liberally, considering each case on an
ad hoc basis.  See Gotcher
v. Barnett, 757 S.W.2d 398, 401 (Tex. App.—Houston [14th
Dist.] 1988, no writ).  To establish that the failure to appear was not
intentional or the result of conscious indifference, a defendant need not show
a good excuse; a slight excuse will suffice.  State & Cnty. Mut. Fire
Ins. Co. v. Williams,
924 S.W.2d 746, 748 (Tex. App.––Texarkana 1996, no writ).  To satisfy his right
to set aside a default judgment on this prong, the defendant’s motion for new
trial and affidavit need only set forth facts that, if true, would negate
intentional or consciously indifferent conduct.  Strackbein v. Prewitt, 671
S.W.2d 37, 38 (Tex. 1984).  “Conscious indifference” means the failure to take
some action that would appear obvious to a reasonable person under similar
circumstances.  Prince v.
Prince, 912 S.W.2d 367, 370 (Tex. App.—Houston [14th Dist.] 1995,
no writ).

Here,
Mother and Father’s motion for new trial and their affidavits contain the
following facts that, if true, negate any intentional or consciously
indifferent conduct by Mother and Father in failing to appear for the
termination trial.  Mother and Father did not appear for trial because their
attorney had told them that he had obtained a continuance of the trial due to
his health conditions.  Mother’s and Father’s affidavit testimony dovetails
with the events, set forth above, that occurred when the case was called for
trial.  When the case was called for trial, Mother and Father’s attorney
requested a continuance based on his health issues.  At the same time, Mother
and Father’s attorney presented a motion to withdraw from the representation of
Mother and Father; Mother’s and Father’s affidavits averred that they did not
know that their attorney had filed a motion to withdraw.[5]
 The motion to withdraw did not comply with the requisites listed in rule 10 of
the rules of civil procedure or indicate that it had been served on Mother or
Father.  Examining all of the evidence before the trial court concerning the
first Craddock prong and looking to Mother’s and Father’s knowledge,
neither Mother nor Father failed to take an action that would be obvious to a
reasonable person.  Mother and Father’s attorney told them that he had obtained
a continuance of the trial setting based on his ill health and that is why they
did not appear.  This evidence constitutes more than a slight excuse for
Mother’s and Father’s failure to appear.  Thus, we hold that Mother and Father
met their burden of establishing that their failure to appear at the trial was
not intentional or the result of conscious indifference.  See, e.g., In re
Marriage of Parker, 20 S.W.3d 812, 818 (Tex. App.—Texarkana 2000, no pet.)
(holding that husband’s failure to appear for trial was not the result of
conscious indifference when husband received fourteen-days’ notice and wrote to
trial court clerk for clarification and to complain of lack of forty-five-days’
notice of trial setting).

On appeal, the Department agrees that Mother and Father
established that their failure to appear at trial was not the result of
conscious indifference but contends that controverting evidence exists from
which the trial court could have found conscious indifference.  At the motion
for new trial hearing, the Department did not offer controverting affidavits or
evidence on the first Craddock prong.  In its brief, the Department
points to two on-the-record statements made when the case was called for trial
as controverting Mother’s and Father’s affidavit evidence.  First, the
Department points to the statement by Mother and Father’s attorney when he
appeared for trial on May 23—that “I have not been able to have contact them
with them in recent weeks”—as controverting Mother’s and Father’s statements
that their attorney had told them that he had obtained a continuance based on
his health issues.  The termination trial was reset on February 14, 2012, at
the same time Mother and Father’s attorney was substituted in, for trial on May
23, 2012.  Mother and Father’s affidavit testimony that their attorney had told
them that he had obtained a continuance is not limited to a two-week timeframe
before the trial setting; their attorney’s statement that he had been unable to
have contact with them in recent weeks does not controvert Mother’s and
Father’s affidavit testimony.  The Department also points to the on-the-record
statement by its employee that Mother and Father “are aware of this hearing.” 
Again, this statement by a Department employee, however, does not controvert
Mother’s and Father’s affidavit testimony that their attorney had told them
that a continuance had been granted.  Because Mother’s and Father’s explanation
or excuse for failing to appear at the trial setting is uncontroverted, the
first prong of Craddock was established.

If Mother and Father are
required to satisfy Craddock’s second prong,[6]
the record establishes, and the Department concedes, that they did so.[7]

Concerning
the third prong of Craddock, the Department argues that the Family Code’s
mandatory dismissal deadline—which would have run within ten days of the motion
for new trial hearing—prevented Mother and Father from establishing the third Craddock
prong, i.e., that the granting of a new trial would not operate to cause
delay or injury to the opposing party, the Department.  At the time of the
hearing on Mother and Father’s motion for new trial, neither the parties nor
the trial court had the benefit of the Texas Supreme Court’s opinion in In
re E.R., No. 11-0282, 2012 WL 2617604, at *1–12 (Tex. July 6, 2012).  In
E.R., the supreme court reversed a default termination judgment appealed
more than six months later by a mother served by publication, stating,

We appreciate the policy concerns the Department
identifies.  It, the parent, and the child share an interest in a quick and
final decision.  In the Interest of M.S., 115 S.W.3d 534, 548 (Tex.
2003).  But finality cannot trump a parent’s constitutional right to be heard. 
Stanley v. Illinois, 405 U.S. 645, 646, 92 S. Ct. 1208, 31 L.Ed.2d 551
(1972) (noting that “the Constitution recognizes higher values than speed and
efficiency”).  We have twice held that Family Code provisions that expedite
termination proceedings must yield to due process.  See In the Interest
of B.G., 317 S.W.3d 250, 258 (Tex. 2010) (holding that failure to file
requisite statement of appellate points could not, consistent with due process,
form a basis for denying parent an appellate record and that Family Code
section 263.405 was unconstitutional as applied to parent); In the Interest
of J.O.A., 283 S.W.3d 336, 339, 347 (Tex. 2009) (holding that despite
parents’ failure to file timely statement of appellate points, due process
required that they be allowed to appeal complaining of ineffective assistance
of counsel; “section 263.405(i) is unconstitutional as applied when it
precludes a parent from raising a meritorious complaint about the insufficiency
of the evidence supporting the termination order”).

Id. at
*10 (bolded emphasis added).  The supreme court made clear in E.R. that
the family code provisions, like the mandatory dismissal deadline, must
yield to due process.  Id. 

          Here,
just as in E.R., the family code provisions that expedite termination
proceedings must yield to due process.  The family code’s dismissal deadline
must yield to Mother’s and Father’s constitutional due process right to
participate in the termination trial[8] after receiving
constitutionally adequate notice.[9]  See id.; accord
R.R., 209 S.W.3d at 117 (reversing no-answer default judgment that terminated
parental rights).  Thus, Mother and Father are entitled to a new trial under Craddock’s
third prong.

          Having
determined that Mother and Father satisfied the requisites of Craddock,
we hold that the trial court abused its discretion by denying Mother and
Father’s motion for new trial.  We sustain the pertinent portion of Appellants’
seventh issue, reverse the trial court’s judgment, and remand this case for a
new trial.  Because this issue is dispositive of Appellants’ appeal, we need
not address their remaining issues.  See Tex. R. App. P. 47.1 (stating
that appellate court need only address every issue necessary for final
disposition of the appeal).

 

SUE WALKER 
JUSTICE

 

PANEL: 
WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED:  November 29,
2012

 









[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Jud.
Admin. 6.2(a) (requiring appellate court to dispose of appeal from a judgment
terminating parental rights within 180 days after notice of appeal was filed). 
We note that briefing was completed in this appeal on October 2, 2012, and that
our opinion is required to issue on or before December 10, 2012, leaving this
Court with less than sixty days to draft, circulate, and issue this opinion.





[3]Counsel for the parties
agreed and stipulated on the record at the motion for new trial hearing that
Mother’s and Father’s affidavits would be treated as if they were attached to
Mother and Father’s timely filed letter requesting a new trial “so that the
Court of Appeals could consider the affidavits” and that the affidavits would
be treated as “stipulated testimony for purposes of their Original Motion for
New Trial.”





[4]See Tex. Fam. Code
Ann. § 263.401(a) (West
2008) (setting forth deadlines that require dismissal of suits affecting the
parent-child relationship in which the Department requests termination).





[5]We reference Mother and
Father’s attorney’s motion to withdraw and the trial court’s granting of it in
our analysis of Craddock’s first prong because it compounds the due
process violation suffered by Mother and by Father.  See In re J.O.A.,
283 S.W.3d 336, 343 (Tex. 2009) (recognizing that attorney must satisfy the
requirements of rule 10 of the rules of civil procedure in order to withdraw
and stating that attorney’s failure to do so left a father without
representation at a critical stage of the proceeding); Villegas v. Carter,
711 S.W.2d 624, 626–27 (Tex. 1986) (reversing trial court’s denial of
continuance and granting of motion to withdraw two days’ before trial and
holding that “[t]he right to counsel is a valuable right; its unwarranted
denial is reversible error”); Williams v. Bank
One, Tex., N.A., 15 S.W.3d 110, 113 (Tex. App.—Waco 1999, no pet.) (holding
that a trial court abuses its discretion when it grants a motion to withdraw
that does not comply with the mandatory requirements of rule 10);
Moss v. Malone, 880 S.W.2d 45, 51 (Tex. App.—Tyler 1994, writ denied)
(op. on reh’g) (same).





[6]A defendant who has
appeared or answered (like Mother and Father) possesses a Fourteenth Amendment
due process right to constitutionally adequate notice of a dispositive hearing
or trial setting, and the failure to provide constitutionally adequate notice
excuses the defendant from the requirement of satisfying the second Craddock
prong because to so require would constitute a further impingement of due
process.  See, e.g., LBL Oil Co., v. Int’l Power Servs., Inc.,
777 S.W.2d 390, 390–91 (Tex. 1989) (citing Peralta v. Heights Med. Ctr.,
Inc., 485 U.S. 80, 85–86, 108 S. Ct. 896, 899 (1988)); Lopez v. Lopez, 757
S.W.2d 721, 723 (Tex. 1988); In re Marriage of Runberg, 159 S.W.3d 194,
199–200 (Tex. App.—Amarillo 2005, no pet.); Coastal Banc SSB v. Helle,
48 S.W.3d 796, 801 (Tex. App.—Corpus Christi 2001, pet. denied); In re
Marriage of Parker, 20 S.W.3d at 818; accord Rorie v. Goodwin, 171
S.W.3d 579, 584 (Tex. App.—Tyler 2005, no pet.) (holding that defendant filing Craddock
motion for new trial following entry of summary judgment when defendant did not
receive notice of summary judgment hearing need only satisfy first Craddock
prong to obtain new trial).





[7]In its brief, the
Department candidly states,

With regard to the meritorious defense prong, the
Department agrees that controverting evidence is irrelevant.  In re R.R.,
209 S.W.3d 112, 116 (Tex. 2006).  The Department, thus concedes that this
element was satisfied.





[8]Mother and Father were
deprived of the opportunity to participate in the proceeding themselves because
they were told that their attorney had obtained a continuance.  Mother and
Father were deprived of the opportunity to participate in the proceeding
through their trial counsel because––unbeknownst to Mother and Father––he
withdrew when the case was called for trial, leaving them without
representation at a critical stage of the proceeding.  Accord J.O.A.,
283 S.W.3d at 343 (recognizing that attorney must satisfy the requirements of
rule 10 of the rules of civil procedure in order to withdraw and stating that
attorney’s failure to do so left a father without representation at a critical
stage of the proceeding); Villegas, 711 S.W.2d at 626–27 (“The trial
court should either have denied the attorney’s motion to withdraw or granted
the party’s motion for continuance; it did neither.  Therefore, we reverse the
court of appeals judgment and remand for a new trial.”).





[9]Here, just as in E.R.,
the Department’s allegations against Mother and Father are serious and, ultimately
if proven, may justify terminating their parental rights.